UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED ABDUBA DIDA,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2984

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court removing him to Kenya, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to book his flight and immediately send him to Kenya. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response on October 27, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a noncitizen who has been in ICE custody since September 9, 2026. (Pet., ECF No. 1, PageID.4.) On September 23, 2026, the Immigration Court ordered Petitioner's removal from the United States "[b]ased upon [Petitioner's] admissions and concessions." (Order Immigration Judge, ECF No. 5-1, PageID.47.) The Immigration Court's order indicates that both parties waived appeal. (*Id.*, PageID.48.) Petitioner confirms that he waived appeal of the decision "due to the urgent need for the removal." (Pet., ECF No. 1, PageID.6.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on September 23, 2026, the Immigration Court ordered that Petitioner be removed from the United States, and both parties waived appeal of the Immigration Court's September 23, 2026, order. (Order Immigration Judge, ECF No. 5-1, PageID.47–48.) Because the parties waived appeal of the Immigration Court's September 23, 2026 order, Petitioner's order of removal became administratively final on September 23, 2026, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or

(ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 5, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge